IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM M. ALLEN,

    Plaintiff,                    No. CIV S-10-1320 GGH P

    vs.

M. MARTEL, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out.  Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  <u>See</u> 28 U.S.C. § 1915(a)(2).  Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

1

The court cannot rule on plaintiff's defective in forma pauperis application at this time.  However, because plaintiff has filed what will be construed as a motion for a temporary restraining order along with his complaint, the court will proceed to screen the underlying complaint in order to evaluate the motion.  Nevertheless, plaintiff will be required to file the appropriate in forma pauperis application for this matter to proceed.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names some eleven defendants. Complaint, pp. 3, 5-8.[1] Of these defendants, six are identified as inmates at Mule Creek State Prison (MCSP): N. Lee; P. Martinez; W. Patterson; C. Phernambuco; A. Schmidt; and L. Clemena. Id., at 3, 7-8. The remaining defendants are MCSP Acting Warden M. Martel; Chief Deputy Warden W. Fallon; Associate Warden W. Knipp; Associate Warden H.M. Lackner; and Correctional Captain M. Kaplan. Id., at 2-3, 5-7. Plaintiff alleges a motion to remove him from his position as vice-chairman of the Men's Advisory Committee (MAC) during a February 19, 2009, meeting of the MAC executive body with defendants N. Lee; P. Martinez; W. Patterson; C. Phernambuco; A. Schmidt; and L. Clemena was brought and considered (and apparently passed) without plaintiff having been afforded notice of the "charges" and the opportunity to appear and defend himself against unspecified allegations. Id., at 9-10.

Plaintiff notified defendant Kaplan of this action on February 21, 2009, and on February 26, 2009, sought to impeach defendants Martinez and Patterson by way of petition and moved for the removal of defendants Phernambuco, Schmidt and Clemena from their MAC positions for their alleged "blatant violations of the MAC constitution and bylaws...." in trying to remove plaintiff as vice-chairman. Complaint, p. 10. Plaintiff contends that his efforts to correct

---

[1] Only the court case docket's electronic pagination is referenced.

3

1    the process were not aided be either defendants Knipp or Kaplan, except that on March 12, 2009,
2    defendant Kaplan instructed defendants Lee and Martinez that plaintiff's removal as vice-
3    chairman of the MAC had to be redone due to procedural errors, and on March 13, 2009,
4    defendant Kaplan issued a memorandum rescinding the removal of plaintiff as vice-chairman.
5    Id., at 11-12.  However, at the subsequent "trial" on the charges on March 13, 2009, wherein
6    plaintiff was denied witnesses on his behalf or having the record reflect he was on Vicodin
7    following surgery on March 9, 2009, plaintiff was found "guilty" of charges that were never
8    specified.  Id., at 13.  On March 31, 2009, without plaintiff's petitions for impeachment and
9    removal of the inmate defendants having been processed, plaintiff's removal was put to a vote.
10   Id.  Plaintiff identified multiple problems with the March 31, 2009, meeting to defendant Kaplan
11   but Kaplan nevertheless endorsed the vote to remove plaintiff, as issued by defendant Lee, on
12   April 6, 2009.  Id., at 14-15.

13   Plaintiff's allegations against defendants Kaplan, Knipp, Martel, Fallon and
14   Lackner center on their failure to respond to his memoranda or their failure to grant his inmate
15   appeals of the process which resulted in his removal from his MAC position. Id., 11, 15-17.
16   Plaintiff seeks injunctive relief and money, including punitive, damages. Id., at 17-19.  Plaintiff
17   apparently believes that his First Amendment right of free speech and his Fourteenth Amendment
18   right to equal protection and due process have been violated.  Id., at 9.

19   In order to proceed with claims under § 1983, plaintiff must allege that:  (1)
20   defendant was acting under color of state law at the time the complained of act was committed;
21   and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the
22   Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48
23   (1988).  As to the six inmate defendants, plaintiff does not allege, nor can he, that they acted
24   under color of law.  Moreover, as to these and the remaining defendants, Martel;  Fallon; Knipp;
25   Lackner; and Kaplan, notwithstanding that plaintiff believes he has been deprived of his
26   constitutional due process, equal protection or free speech rights, he has not framed any such

constitutional violations by alleging that he was wrongfully removed as vice-chairman of MAC. See, e.g., Gray v. Woodford, 2007 WL 2789476 * 7 (S. D. Cal. 2007) ("[p]laintiff has not indicated, and this Court is not aware of any, federally created liberty interest in inmates' right to elect the members of an advisory committee").

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

TRO

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general

standards that govern the issuance of a preliminary injunction.[2]  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

Plaintiff has not actually filed a motion for a temporary restraining order but instead has prepared a proposed order granting one in the form of reinstating him in his capacity as MAC vice-chairman.  See docket # 3, filed on May 28, 2010.  He seeks the TRO pending trial in this matter.  As this court has found that plaintiff's complaint should be dismissed for failing to frame colorable claims, no complaint is pending at this time.  The dismissal of the complaint bespeaks little potential for plaintiff to succeed on his claim.  The motion for a TRO will therefore be vacated.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within twenty-eight days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

---

[2] To the extent that this purports to be an ex parte motion for a TRO without notice, the undersigned notes that there are stringent requirements to be imposed under Fed. R. Civ. P. 65 for issuance of such an order, which plaintiff clearly has not met.  Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).  Rule 65(b) permits issuance of a TRO without "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury...will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's presumed motion for a TRO, filed on May 28, 2010 (docket # 3) is vacated without prejudice to a filed motion subsequent to the filing of an amended complaint. Plaintiff should not file such a motion without supplying authority which supports his position.

DATED: June 3, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
alle1320.b