IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM M. ALLEN,

    Plaintiff,    No. CIV S-10-1320 GGH P

vs.

M. MARTEL, et al.,    <u>ORDER</u> &

    Defendants.    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. By order, filed on June 3, 2010, plaintiff's complaint was dismissed with leave to amend. Because plaintiff had failed to submit a completed in forma pauperis application pursuant to 28 U.S.C. § 1915, plaintiff was provided an opportunity to do so.

        Plaintiff has now submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a); however, because plaintiff's amended complaint fails to frame colorable claims and the court must recommend dismissal without further leave to amend, the court will not grant plaintiff in forma pauperis status, so that plaintiff will not be assessed a filing fee.

        As plaintiff has been informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion

thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

1    Plaintiff was previously informed that by alleging that he was wrongfully removed
2 as vice-chairman of the Men's Advisory Committee (MAC) at Mule Creek State Prison (MCSP),
3 plaintiff has not been deprived of his constitutional due process, equal protection or free speech
4 rights. See, e.g., Gray v. Woodford, 2007 WL 2789476 * 7 (S. D. Cal. 2007) ("[p]laintiff has not
5 indicated, and this Court is not aware of any, federally created liberty interest in inmates' right to
6 elect the members of an advisory committee"). Order, filed on June 3, 2010, pp. 4-5.

7    Nevertheless, plaintiff continues to seek to implicate both inmates and
8 correctional officials in what he regards as his improper removal as vice-chairman of MAC. See
9 Amended Complaint (AC), pp. 1-20. While providing a bit more detail, plaintiff has not
10 essentially altered the allegations of the original complaint as set forth in the court's order
11 dismissing that complaint, and those allegations are incorporated by reference herein. See Order,
12 filed on June 3, 2010, pp. 3-5. What plaintiff fails to grasp is that whether or not members of the
13 inmate MAC failed to abide by its own by-laws or prison regulations, and whether or not
14 correctional officials responded in a manner plaintiff feels to have been inappropriate to his
15 complaints, grievances and appeals about his removal from an executive position in MAC does
16 not implicate a federal constitutional right.

17    Once again, plaintiff is informed that, as to the six MCSP inmates he names as
18 defendants in this action, N. Lee, P. Martinez, W. Patterson, C. Phernambuco, A. Schmidt, L.
19 Clemena (AC, pp. 4-17), they do not act under color of state law. As the court stated in its earlier
20 order in a section 1983 case, plaintiff must allege that:  (1) defendant was acting under color of
21 state law at the time the complained of act was committed; and (2) defendant's conduct deprived
22 plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United
23 States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, [108 S. Ct. 2250] (1988). See
24 Order, filed on June 3, 2010, p. 4. To act under color of state law requires that a § 1983
25 defendant "have exercised power 'possessed by virtue of state law and made possible only
26 because the wrongdoer is clothed with the authority of state law.'" West, supra, at 49, 108 S. Ct.

3

2250, quoting United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043 (1941). The fact that plaintiff sets forth a litany of Title 15 California Code of Regulations, California Penal and Civil Code sections (AC, pp. 4-7) that these would-be defendants are, inappropriately in this context, alleged to have violated does not transform these MAC inmate officers into state actors. The claims against these putative defendants must be dismissed without leave to amend.

As to the correctional officials he also names as defendants, M. Martel, W. Fallon, W. Knipp, H. M. Lackner, M. Kaplan, plaintiff continues to seek to implicate them for their failure to respond to his memoranda or their failure to grant his inmate grievances regarding the process resulted in his allegedly improper removal from his MAC position. See AC, pp. 2-4, 6-17. Plaintiff alleges that these individuals violated a whole host of statutes under the state penal, civil and government codes, as well as prison regulations, which the court's review indicates are inapposite in the context of his claims.[1]

Moreover, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned

---

[1] See, e.g., Cal. Penal Code § 2652, which states: "It shall be unlawful to use in the prisons, any cruel, corporal or unusual punishment or to inflict any treatment or allow any lack of care whatever which would injure or impair the health of the prisoner, inmate or person confined; and punishment by the use of the strait-jacket, gag, thumb-screw, shower-bath or the tricing up of prisoners, inmates or persons confined is hereby prohibited. Any person who violates the provisions of this section or who aids, abets, or attempts in any way to contribute to the violation of this section shall be guilty of a misdemeanor."

by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[2] Plaintiff's due process claims against these defendants will be dismissed without leave to amend.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

\\\\\

---

[2] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

5

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court make a district judge assignment to this case.

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
alle1320.dsm